UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-59-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ) | |
| GREGORY CLIFTON HOOKS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 28). Defendant is currently incarcerated at FPC Montgomery in Montgomery, Alabama. The Government has responded in opposition to the motion.

**I.    BACKGROUND**

On March 01, 2018, Defendant pled guilty in this Court to a Criminal Information involving a conspiracy to traffic over one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A); and conspiracy to money launder, in violation of 18 U.S.C. § 1956. See (Doc. Nos. 1, 2, 3). Defendant trafficked over 1.8 kilograms heroin, 23.6 grams methamphetamine (with a firearm), laundered drug proceeds, and scored at Base Offense Level 31, Category III, with a guideline range of 135 to 168 months. He was involved in at least seven drug transactions, which were documented in these conspiracies. See (Doc. No. 15: PSR). On August 14, 2018, this Court sentenced Defendant to a below-guidelines sentence of 80 months of imprisonment, with five years of supervised release.

1

Defendant petitioned the FPC-Montgomery warden for compassionate release on May 19, 2020, and on May 28, 2020, the warden denied his request. On August 5, 2020, Defendant filed the pending motion, asking the Court to reduce his sentence to time served or for home confinement. When filing his pending motion, Defendant had over two years remaining in his total sentence, with a projected release date of December 9, 2022, and he had served around 59% of his sentence. Defendant argues that his medical condition of hypertension constitutes an extraordinary circumstance that justifies granting him compassionate release.

II.     **DISCUSSION**

The Court denies Defendant's request for a sentence reduction because he has not demonstrated "extraordinary and compelling reasons" warranting release. Under the relevant provision of Section 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A).

To state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of

---

[1] Defendant seeks relief under subsection (i) of Section 3582(c)(1)(A). He does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

2

the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13, cmt. n.1(A).  If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his motion must be denied.

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction.  The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population.  As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A).  If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons."  Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). While COVID-19 may affect whether an inmate can show "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A), to make such a showing, a defendant must show that he or she has a condition or characteristic that is a cognizable basis for compassionate release under the

3

current criteria, that that condition or characteristic elevates the inmate's risk of becoming seriously ill from COVID-19 under the CDC guidelines and that the defendant is more likely to contract COVID-19 in his or her particular institution than if released.  See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases).

Defendant, age 47 and otherwise healthy, asserts he has health concerns, with a prior history of high-blood pressure and hypertension.  Defendant fails to provide sufficient documentation of any health condition or similar infirmity that cannot be treated at the BOP.  A review of the Defendant's recent BOP health services visit, May 05, 2020, reveals an absence of medical complaints.  Furthermore, his Cardiovascular Auscultation references a regular rate and rhythm, with a normal finding.  Defendant regularly takes hypertension medication within the BOP and is receiving consistent medical treatment.  Defendant fails to establish that he is more likely to contract COVID-19 while incarcerated at FPC-Montgomery due to his health status.  Thus, he has failed to establish extraordinary and compelling reasons in support of his motion for compassionate release.

Lastly, Defendant's motion is also denied because he must show his circumstances are extraordinary and compelling in light of the factors set forth in 18 U.S.C. § 3353(a) and that he is not a danger to the safety of any other person or the community.  Defendant has not and cannot make such a showing.  Defendant has a lengthy criminal record, and his sentence appropriately holds him accountable for his recidivist history.  In light of Defendant's record and the totality of relevant circumstances, this Court will, therefore, alternatively deny the motion for a sentence reduction under the Section 3553(a) factors.

Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

4

Case 3:18-cr-00059-MOC-DCK   Document 31   Filed 09/11/20   Page 4 of 5

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 28), is **DENIED**.

Signed: September 11, 2020

Max O. Cogburn Jr.
United States District Judge